## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## SOUTHERN DIVISION

|  |  |
|---|---|
| Wendy Lipscomb,<br><br>     Plaintiff,<br>v.<br><br>Aargon Agency, Inc.; and DOES 1-10,<br>inclusive,<br><br>     Defendants. | :<br>:<br>: Civil Action No.: 8:13-cv-02751<br>:<br>:<br>:<br>: **COMPLAINT**<br>:<br>:<br>:<br>: |

For this Complaint, the Plaintiff, Wendy Lipscomb, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. The Plaintiff, Wendy Lipscomb ("Plaintiff"), is an adult individual residing in Upper Marlboro, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(10).

5.      Defendant, Aargon Agency, Inc. ("Aargon"), is a business entity with an address of 3800 Howard Hughes Parkway, 16th Floor, Las Vegas, Nevada 89169, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(10).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Aargon and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Aargon at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      A financial obligation (the "Debt") was allegedly incurred to the original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Aargon for collection, or Aargon was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Aargon Engages in Harassment and Abusive Tactics

12.     In or around July 2013, Aargon began contacting Plaintiff in an attempt to collect the Debt from a person other than Plaintiff (the "Debtor").

13.     At all times mentioned herein, Aargon called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

14.     Often times when Plaintiff answered a call from Aargon, she was met with a short period of silence and had to wait to be connected to a live representative with whom Plaintiff could speak.

15.     Plaintiff never provided her cellular telephone number to Aargon and never provided her consent to Aargon to be contacted on her cellular telephone.

16.     Plaintiff never provided her cellular telephone number to the Creditor and never provided her consent to the Creditor to be contacted on her cellular telephone.

17.     If Aargon at one time obtained prior express consent to place calls to Plaintiff's cellular telephone number, it no longer had consent to call Plaintiff after being informed by Plaintiff that the Debtor could not be reached at her number and after being repeatedly instructed by Plaintiff to cease all calls to her.

18.     The telephone number called by Aargon was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19.     The calls from Aargon to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20.     During a live conversation with Plaintiff, Aargon informed Plaintiff that the call was an attempt to collect the Debt and requested to speak to the Debtor.

21.     Plaintiff informed Aargon that the Debtor was unknown to her and unreachable at her number, and further directed Aargon to cease communications with her.

22.     Thereafter, Aargon continued calling Plaintiff at an excessive rate, about two

times a day every other day despite being so informed.

23.     On several occasions Aargon called Plaintiff after 9PM.

**C.  Plaintiff Suffered Actual Damages**

24.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

26.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) by communicating with the Plaintiff without authorization or justification.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

30.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

32.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.    Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

34.    Defendants placed automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

35.    As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

36.    As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

37.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.    The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be

highly offensive to a reasonable person."

39.     Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

40.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above reference telephone calls.

41.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

42.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

43.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7.  Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

8.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 18, 2013

Respectfully submitted,

By ___*/s/ Sergei Lemberg*___
Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF